UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JUDY ANN SMITH,                        )
                                       )  No. CV-07-380-JPH
            Plaintiff,                 )
                                       )  ORDER GRANTING DEFENDANT'S
v.                                     )  MOTION FOR SUMMARY JUDGMENT
                                       )
MICHAEL J. ASTRUE, Commissioner        )
of Social Security,                    )
                                       )
            Defendant.                 )
                                       )
_____)

     BEFORE THE COURT are cross-motions for summary judgment noted
for hearing without oral argument on July 7, 2007.  (Ct. Rec. 12,
15).   Attorney Lora Lee Stover represents Plaintiff; Special
Assistant United States Attorney Leisa A. Wolf represents the
Commissioner of Social Security ("Commissioner").  (Ct. Rec. 23).
The parties have consented to proceed before a magistrate judge.
(Ct. Rec. 3.)  After reviewing the administrative record and the
briefs filed by the parties, the court **GRANTS** Defendant's Motion
for Summary Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion
for Summary Judgment (Ct. Rec. 12.)

                           **JURISDICTION**

     Plaintiff filed applications for Disability Insurance
Benefits ("DIB") on October 26, 2004, and for SSI on November 2,

2004, alleging an onset date of June 1, 1999. (Tr. 56-60, 276-280.) The applications were denied initially and on reconsideration. (Tr. 53-55, 282-285; 49-50, 287-288.) Administrative Law Judge (ALJ) Richard Say held a hearing on March 6, 2007. (Tr. 303-336.) Plaintiff, lay witness Janet Thomas, and vocational expert Tom Moreland testified. On April 5, 2007, the ALJ issued a decision finding that plaintiff was not disabled. (Tr. 19-27.) The Appeals Council denied a request for review on October 17, 2007. (Tr. 5-8.) Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on December 3, 2007. (Ct. Rec. 1.)

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 60 years old on the date of the hearing. (Tr. 334.) She has a high school education and about two years of college. (68, 334.) Plaintiff was self-employed for ten years as the owner and operator of a photo finishing shop. (Tr. 307.) She alleges disability as of June 1, 1999, due to diabetes, neuropathy, vision problems, obesity, thyroid problems, and mental impairments (an inability to handle stress). (Tr. 62, 307-308.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment

which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a Plaintiff is not only unable to do previous work but cannot, considering Plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether Plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If Plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares Plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P

App. 1.  If the impairment meets or equals one of the listed impairments, Plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents Plaintiff from performing work which was performed in the past.  If a Plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, Plaintiff's residual functional capacity ("RFC") assessment is considered.  If Plaintiff cannot perform this work, the fifth and final step in the process determines whether Plaintiff is able to perform other work in the national economy in view of Plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon Plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once Plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) Plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which Plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

- 4 -

1   Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

2   the Commissioner's decision, made through an ALJ, when the

3   determination is not based on legal error and is supported by

4   substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

5   (9ᵗʰ Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9ᵗʰ Cir.

6   1999).  "The [Commissioner's] determination that a plaintiff is

7   not disabled will be upheld if the findings of fact are supported

8   by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572

9   (9ᵗʰ Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

10  is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

11  1112, 1119 n. 10 (9ᵗʰ Cir. 1975), but less than a preponderance.

12  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9ᵗʰ Cir. 1989);

13  *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

14  573, 576 (9ᵗʰ Cir. 1988).  Substantial evidence "means such

15  evidence as a reasonable mind might accept as adequate to support

16  a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

17  (citations omitted).  "[S]uch inferences and conclusions as the

18  [Commissioner] may reasonably draw from the evidence" will also be

19  upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9ᵗʰ Cir. 1965).

20  On review, the Court considers the record as a whole, not just the

21  evidence supporting the decision of the Commissioner.  *Weetman v.*

22  *Sullivan,* 877 F.2d 20, 22 (9ᵗʰ Cir. 1989) (*quoting Kornock v.*

23  *Harris*, 648 F.2d 525, 526 (9ᵗʰ Cir. 1980)).

24      It is the role of the trier of fact, not this Court, to

25  resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If

26  evidence supports more than one rational interpretation, the Court

27  may not substitute its judgment for that of the Commissioner.

28  *Tackett*, 180 F.3d at 1097;  *Allen v. Heckler*, 749 F.2d 577, 579

- 5 -

(9th Cir. 1984).  Nevertheless, a decision supported by
substantial evidence will still be set aside if the proper legal
standards were not applied in weighing the evidence and making the
decision.  *Brawner v. Secretary of Health and Human Services*, 839
F.2d 432, 433 (9th Cir. 1987).  Thus, if there is substantial
evidence to support the administrative findings, or if there is
conflicting evidence that will support a finding of either
disability or nondisability, the finding of the Commissioner is
conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir.
1987).

### ALJ'S FINDINGS

The ALJ found at the onset that plaintiff meets the
nondisability requirements and is insured for disability benefits
through December 31, 2003.  (Tr. 19, 21.)  The ALJ found at step
one that plaintiff has not engaged in substantial gainful activity
since her onset date.  (Tr. 21.)  At steps two and three, the ALJ
found that plaintiff suffers from diabetes mellitus, obesity,
peripheral neuropathy, and retinopathy, impairments that are
severe but which do not alone or combination meet or medically
equal a Listing impairment.  He found plaintiff failed to
establish that she suffers from a severe mental impairment.  (Tr.
21-22).  At step four, relying on the VE's testimony, the ALJ
found plaintiff is able to perform her past relevant work as a
photo developer/processor.  (Tr. 26-27.)  Because he made this
determination at step four, the ALJ was not required to proceed to
step five.  Accordingly, the ALJ found that plaintiff was not
disabled within the meaning of the Social Security Act.  (Tr. 26-
27.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law.  Specifically, she argues that the ALJ erred by: (1) finding at step two that she does not suffer from a severe mental impairment; (2) assessing plaintiff's and lay witness testimony; and (3) failing to include all of her limitations in his hypothetical.  (Ct. Rec. 13 at 8-11).

The Commissioner opposes the plaintiff's motion for summary judgment and asks that the ALJ's decision be affirmed. (Ct. Rec. 16 at 6).

**DISCUSSION**

**A.  Step Two Finding**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

An impairment or combination of impairments may be found "not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb. Barnhart*, 433 F. 3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F. 3d 1273, 1290 (9th Cir.

1996); *see Yuckert v. Bowen*, 841 F. 2d 303, 306 (9th Cir. 1988).

If an adjudicator is unable to determine clearly the effect of an

impairment or combination of impairments on the individual's

ability to do basic work activities, the sequential evaluation

should not end with the not severe evaluation step.  S.S.R. No.

85-28 (1985).  Step two, then, is "a de minimus screening device

[used] to dispose of groundless claims," *Smolen*, 80 F. 3d at 1290,

and an ALJ may find that a claimant lacks a medically severe

impairment or combination of impairments only when his conclusion

is "clearly established by medical evidence."  S.S.R. 85-28.  The

question on review is whether the ALJ had substantial evidence to

find that the medical evidence clearly established that the

claimant did not have a medically severe impairment or combination

of impairments.  *Webb*, 433 F. 3d at 687; *see also Yuckert*, 841 F.

2d at 306.

Plaintiff contends that the ALJ's step two analysis of her

mental impairments is erroneous because she "had complaints of

psychological problems including the inability to handle stress.

In this case Plaintiff has presented records from her naturopath

and message therapist which supports [sic] her statements that she

has difficulty handling stress."  (Ct. Rec. 13 at 9-10, citing Tr.

62; 72; 163-188; 95-272).  Plaintiff contends that her inability

to tolerate stress has more than a minimal impact on her ability

to function.  (Ct. Rec. 13 at 10).  The Commissioner responds that

the ALJ correctly noted records show plaintiff's neck and back

pain were, at times, attributed to stress, but "there was very

little in the medical records concerning mental health issues."

(Ct. Rec. 16 at 11, citing Tr. 22).  Significantly, the ALJ

- 8 -

observed there is no evidence that plaintiff ever sought mental health treatment.  He concluded that the record did not establish that plaintiff's symptoms related to stress rose to the level of a significant limitation on her ability to perform work-related activities.  (Tr. 22.)

The ALJ weighed the medical evidence.  To aid him in this process, the ALJ evaluated plaintiff's credibility.  (Tr. 23-26.) Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing."  *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed

plaintiff's credibility, including noting that objective evidence does not support plaintiff's subjective complaints. (Tr. 25.)  An example relied on by the ALJ is plaintiff's testimony that her blood sugars have averaged around 240, but there is no clinical evidence to support this claim.  In July of 2000, blood sugars mostly ran between 103 and 140, with occasional high readings of 218.  Two reports show readings over 270, in June of 2000 and mid-August 2004; however, in early August 2004, plaintiff reported her diabetes mellitus was well controlled with insulin and her blood sugars were 140.  (Tr. 25, referring to Exhibits 1F, 2F,7F, 20F and 27F.)  The Appeals Council relied on additional evidence in denying review: in a report dated March 29, 2007, plaintiff indicated she did not have any problems with diabetes for the prior six months.

A lack of supporting objective medical evidence is a factor which may be considered in evaluating an individual's credibility, provided it is not the sole factor.  *Bunnell v. Sullivan*, 347 F. 2d 341, 345 (9th Cir. 1991).  In this case the ALJ also relied on (1) complaints of peripheral neuropathy in plaintiff's feet and legs are inconsistent with testimony that she walks four miles three times a week; (2) plaintiff's statements that she is unable to work are inconsistent with testimony that she performs volunteer work three days a week for three hours each day at the local museum, in addition to her exercise schedule; (3) plaintiff has not always followed through with treatment recommendations; (4) a non-treating doctor refused to prepare disability ratings for plaintiff and opined he would be surprised if she qualified for benefits; and (5) no treating physician has opined that plaintiff is unable to perform light work.  (Tr. 23-26.)

With regard to daily activities, it is well-established that the nature of daily activities may be considered when evaluating credibility. *Fair*, 885 F. 2d at 603.  The ALJ found that plaintiff's schedule of exercise (a four mile walk three times a week) and of work as a volunteer treasurer (three days a week for three hours each day) demonstrates an activity level indicating she should be capable of sustaining a work schedule.  (Tr. 25.)

With respect to following treatment recommendations, the ALJ noted that although plaintiff was advised to see a diabetic educator, she declined "indicating that she knew everything about the proper diet."  (Tr. 25, citing Exhibit 2F/5.)  He observed that in July of 2000, plaintiff was not implementing the Bernstein dietary program as instructed. She was noted to be "winging it" on her own and had a tendency to eat too many carbohydrates.  (*Id.*, citing Exhibit 7F/7.)  In March of 2005, the ALJ notes plaintiff's report that her blood sugars were "very high, but she did not care."  (Tr. 25.)  Before September of 2006, the ALJ points out, plaintiff had not been seen at the clinic for about five months. (*Id.*, citing Exhibit 7F/26.)  In September of 2006 she was told to go to her doctor's office for a diabetes follow-up.  The record does not show plaintiff appeared for follow-up.  (*Id.*, citing Exhibit 7F/27.)

Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  Magallanes v.

- 11 -

Bowen, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons for finding plaintiff's allegations not fully credible, including noncompliance with medical treatment and unexplained reasons for failing to seek treatment, activities inconsistent with degree of impairment alleged, and the lack of objective findings substantiating subjective complaints.

With respect to his step-two analysis, the ALJ stated:

> . . . the undersigned finds the claimant does not
> have a severe mental health impairment. The claimant
> alleged she does not handle stress well. There is
> mention that the claimant's neck and back pain are due
> to stress. However, there is very little in the
> medical records concerning mental health issues and
> there is no evidence that the claimant ever sought
> treatment for mental health issues. While the
> claimant might have some symptoms related to stress,
> they do not rise to the level of a significant
> limitation of her ability to perform work-related
> activities.

(Tr. 22.)

The ALJ found that plaintiff failed to bring forth medical evidence of the existence of a severe mental impairment.

The ALJ properly weighed the medical evidence. While there is evidence suggesting plaintiff suffered back and neck pain on occasion related to stress, no objective evidence of a severe mental impairment is found in the record. The ALJ properly relied on plaintiff's complete lack of treatment for mental health

issues, among other reasons, when he rejected her mental impairment as non-severe at step two. The record does not include medical evidence of problems caused by mental health issues, alone or in combination, sufficient to pass the de minimus threshold of step two. *See Smollen*, 80 F. 3d at 1290.

**B. Lay Witness Testimony**

The ALJ rejected lay testimony from plaintiff's friend and co-volunteer:

> Janet Thomas, the claimant's friend, testified that they have known each other since high school and they work at the museum together.  They see each other often at the museum and the claimant has volunteered there since 2001.  Ms. Thomas testified that the claimant's physical condition causes her to have an irregular work schedule.  The claimant does not get along well with others and board members and other volunteers complain about the claimant because she is very volatile and has an explosive personality.  The claimant cannot cope with stress or change.  Ms. Thomas has not seen anyone, other than a child, with less coping skills than the claimant. She could not say whether the claimant has always had these personality issues but she thinks that the claimant has a lot of foot and hand pain and difficulty with her eyes.
>
> This testimony is given little weight in evaluating the disability claim as it is based on the observations and impressions of a lay person who has no medical training or familiarity with the medical evidence.  The witness is not medically trained to make exacting observation as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms.  Most importantly, significant weight cannot be given to the witness' testimony because it, like the claimant's testimony, is not consistent with the preponderance of observations by medical care providers.

(Tr. 26.)

The ALJ may not ignore or improperly reject the **probative** testimony of a lay witness without giving reasons that are germane to each witness.  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) (emphasis added).  The ALJ shall "consider observations by non-medical sources as to how an impairment affects a claimant's

- 13 -

ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9ᵗʰ Cir. 1987), *citing* 20 C.F.R. § 404.1513(e)(2).

The ALJ rejected Ms. Thomas's lay testimony with germane reasons supported by the evidence.  Observations of treating physicians include Edward Johnson, M.D. On January 7, 2003, Dr. Johnson indicated plaintiff reported blood sugar levels between 140 and 160.  He assessed her as a stable diabetic.  (Tr. 137.) Maja Zugec, M.D., who saw plaintiff on August 11, 2004, noted plaintiff's medications are for hypothyroidism (a naturopathic medication) and diabetes.  (Tr. 125.)  Dr. Zugec indicated plaintiff reported no diarrhea or other symptoms and she "works as a medical transcriptionist in Colville." (*Id.*) On October 11, 2204, Dr. Johnson noted plaintiff 'had some diarrhea but now it is resolved.  Also had hyperlipidemia and diabetes and does not see a physician on a regular basis." (Tr. 142.)  On March 8, 2005, William Doyle, M.D., told plaintiff he would be very surprised if she qualified for social security benefits.  (Tr. 144.)  On March 29, 2005, testing by K. Scott McDougall, O.D., revealed corrected visual acuities of 20/20 in each eye.  (Tr. 158.) Neuropathic physician Randy Sandaine noted on April 13, 2006, plaintiff was using an "ab machine" getting "a lot of abdominal work out." (Tr. 180.) On September 11, 2006, plaintiff listed her occupation as "bookkeeper/medical transcriptionist" on a history questionnaire for Empire Eye Physicians.  (Tr. 190.)

The ALJ is correct that no medical evidence supports the lay witness's assertions of limitation.  Accordingly, the ALJ did not err with regard to the weight he gave to the lay witness testimony.

///

**C. Impairments included in Hypothetical**

Plaintiff alleges that the ALJ omitted limitations established by the evidence, including the need for ready access to a restroom and limitations caused by pain.  She alleges these omissions resulted in error at step five.  (Ct. Rec. 13 at 11). The Commissioner responds that the ALJ's RFC assessment is supported by the medical record. (Ct. Rec. 16 at 12-13).

With respect to the need for ready access to a restroom, the ALJ found plaintiff's symptoms of celiac disease (diarrhea) non-severe.  (Tr. 22.)  He notes plaintiff first complained of diarrhea symptoms in September of 2004, and in March of 2005, plaintiff reported experiencing diarrhea each day for three to four hours.  (*Id*., citing Exhibit 4F/8,4F/16,and 7F/18.)

The ALJ found the record [from treating naturopath Randy Sandine, N.D.] indicates the symptoms resolved after a change in diet.  (*Id*., citing Exhibit 7F/20-21.) The record cited by the ALJ states: "The patient reports that she has not had any diarrhea for about three weeks.  She reduced her dairy products and noticed that the diarrhea went away."  (Tr. 180.)  Because this problem resolved with a change of diet, the ALJ correctly excluded it as an unsupported limitation.

With respect to pain, the ALJ's hypothetical included the following: "the individual suffers from mild to moderate chronic pain, which is of sufficient severity to be noticeable at all times, but she would be able to remain attentive and responsive in a work setting and could carry out normal work assignments satisfactorily." (Tr. 333.)  Plaintiff alleges that the ALJ's flawed assessment of plaintiff's credibility caused him to improperly discount her pain complaints.  As noted, the ALJ's

- 15 -

credibility assessment is without legal error and fully supported by the record.   Contrary to plaintiff's argument, the ALJ included all of the limitations established by the evidence in his hypothetical.

The objective medical and other evidence fully supports the ALJ's finding that plaintiff has the RFC to perform a significant range of light work.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision at step two that plaintiff suffers from no severe mental impairment is correct.   The court finds that the remainder of the ALJ's decision is also free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 12)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 4th day of August, 2008.

                                        /s/ James P. Hutton

                                    JAMES P. HUTTON
                            UNITED STATES MAGISTRATE JUDGE